```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――
ANNE BRYANT,

                    Plaintiff,            14 Cv. 6637(JGK)

      - against -                         MEMORANDUM OPINION AND
                                          ORDER
CLIFFORD A. "FORD" KINDER ET AL.,

                    Defendants.
―――――――――――――――――――――――――――――――
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, appearing pro se, brings this action invoking the Court's federal question jurisdiction, alleging that the defendants committed fraud. For the reasons set forth below, the Court directs the plaintiff to show cause, by filing an affirmation within thirty days of the date of this order, why this matter should not be dismissed for lack of subject matter jurisdiction.

                           BACKGROUND

The plaintiff, Anne Bryant, is a composer and songwriter residing in Sarasota, Florida. (Compl. at 7.) The defendant, Clifford A "Ford" Kinder ("Kinder"), is a doctor residing in Miami, Florida. (Id. at 6.) The plaintiff's claims arise out of a dispute between herself and Kinder regarding the dissolution of their business in 1989. In October 1983, the plaintiff and Kinder founded a music production business—"Kinder, Bryant &

1

Aquino, Ltd."—with a third partner, Sarah Aquino. (Id. at 9.) Their business produced music scores and jingles for radio, television, and advertising from 1983 until 1989; they generated revenue from royalties earned on their compositions. (Id. at 7-8.) The plaintiff alleges that she believed that the business's name was changed to "Kinder & Bryant Ltd." in 1985 after Aquino left the business. (Id. at 9.)

The plaintiff alleges that in 1989 Kinder purchased her interest "Kinder & Bryant Ltd." after she and Kinder reached a separation agreement, in which the plaintiff was to receive $120,000 and retain "a perpetual share of various revenue streams from works created during the years in business with Defendant Kinder, which were due and owing from 'Kinder & Bryant Ltd.'" (Id. at 15-16.) This separation agreement has been the source of extensive litigation in New York State Supreme Court, Rockland County. The plaintiff filed a claim in 1991, alleging that Kinder breached the terms of their 1989 separation agreement. (Id. at 2.) She filed a second claim in 2000, alleging that Kinder violated the terms of their 1994 settlement agreement. (Id.)

In this case, the plaintiff alleges that on August 20, 2012, she learned from an Internal Revenue Service ("IRS") agent that there has never been a New York corporation formed under the name "Kinder & Bryant Ltd." and that her former business had

2

actually continued to operate under its original name "Kinder, Bryant & Aquino, Ltd." (*Id*. at 10.) The plaintiff alleges that Kinder intentionally withheld this information about the corporation's legal name to deprive her of her share of the royalties associated with "Kinder, Bryant & Aquino, Ltd." (Id. at 16-17.) She further alleges that Kinder fraudulently misrepresented the facts regarding the corporation's name so that he could "illegally merge" "Kinder, Bryant & Aquino, Ltd." to form his own business "Kinder & Company Inc." in 1990 (Id. at 17.) The plaintiff alleges that because Kinder intentionally misrepresented the identity of the corporation and has since profited from that deception, the 1989 separation agreement and subsequent stipulations of settlement in state court "were induced by fraud and should be void under [New York] law." (Id. at 1.)

The plaintiff asserts common law claims of fraud and seeks (1) to void the general releases and settlement agreements between herself and Kinder, (2) an equitable accounting of royalties earned by the company between 1985 to present, and (3) the creation of a constructive trust for the royalties earned by Kinder during the pendency of the litigation. (Id. at 22-23.)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. § 1331

and 28 U.S.C. § 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000 (§ 1332). "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) (alteration in original) (internal quotation marks omitted). The Court, on its own initiative, may question the assertion of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

   1. Federal Question

   The plaintiff's allegations do not suggest a basis for federal question jurisdiction under § 1331. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into

question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975).

The plaintiff asserts that this Court has federal question jurisdiction over her claims. In the section of her complaint titled "The Federal Question," the plaintiff cites to 28 U.S.C. § 1391(a)(2), which is the statute that governs the venue for actions brought in federal district court. (Compl. At 4). It is not clear whether the plaintiff cites to § 1391 as a basis for federal question jurisdiction or whether she cites to § 1391 merely to assert that this district is the proper venue to adjudicate these claims. "The venue provisions [of § 1391] do not confer or deny jurisdiction; they assume that the court in question has subject matter jurisdiction, and they simply limit the locations in which the action may be brought." United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd., 110 F.3d 861, 864 (2d Cir. 1997). Because § 1391 is a venue statute and does not in and of itself confer subject matter jurisdiction, the plaintiff must rely on an independent federal cause of action to establish federal question jurisdiction. However, she does not, however, cite to any constitutional provision or federal law that applies to her claims. Mindful of the Court's duty "to construe pro se pleadings liberally," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest,"

5

Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted), the Court has reviewed the plaintiff's allegations and cannot discern any federal basis for her claim. Because the plaintiff's claims do not appear to arise under a federal statute or the United States Constitution, this Court lacks federal question jurisdiction over her claims.

   2. Diversity of Citizenship

   Because federal question jurisdiction is lacking, the Court will address whether diversity jurisdiction exists under § 1332, even though the plaintiff specifically states that she is not relying on the diversity jurisdiction statue. (Compl. at 4.)

   To invoke jurisdiction under § 1332, a plaintiff must first allege that the plaintiff and defendants are citizens of different states. "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); see also Martinez v. Bynum, 461 U.S. 321, 331 (1983) (internal quotation marks and citation omitted) ("In general, the domicile of an individual is his true, fixed and permanent home and place of habitation"). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 92–95 (2010) (holding that a

corporation's principal place of business is its "nerve center," usually its main headquarters). Diversity must be complete; in other words, "no plaintiff and no defendant [may be] citizens of the same State." Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). "[D]iversity of citizenship is assessed at the time the action is filed." Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991) (per curiam). In addition, a plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. Colavito v. N.Y. Organ Donor Network, Inc., 438 F.3d 214, 221 (2d Cir. 2006).

The plaintiff's claims also fail with respect to the Court's diversity jurisdiction. Although the plaintiff does not specify the citizenship of the parties, she indicates that both she and defendant Kinder are residents of Florida. (Compl. at 6-7.) Accordingly, it does not appear that this Court has diversity jurisdiction over her claims because she appears to be a citizen of the same state as one of the defendants, thus destroying complete diversity.[1]

---

[1] The plaintiff alleges that she "spends summers in Stony Point, New York." (Compl. at 8.) This is insufficient to establish that she is a citizen of New York for the purposes of diversity jurisdiction. Because the "domicile of an individual is his true, fixed and permanent home and place of habitation," Martinez, 461 U.S. at 331, a temporary absence from one's domicile for vacation is insufficient to change an individual's domicile for purposes of establishing diversity jurisdiction.

7

In light of the plaintiff's pro se status, however, the Court will grant her the opportunity to address this deficiency. Accordingly, the Court directs the plaintiff to show cause, by filing an affirmation within thirty days of the date of this order, why this matter should not be dismissed for lack of subject matter jurisdiction. In the affirmation, the plaintiff is directed to set forth any basis for concluding that this action arises under either the Court's federal question jurisdiction or diversity of citizenship jurisdiction.

## CONCLUSION

If the plaintiff fails to file an affirmation as directed, or if the affirmation fails to demonstrate a sufficient basis for invoking the Court's subject matter jurisdiction, this action will be dismissed for lack of subject matter jurisdiction without prejudice to refiling in a proper forum.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and

---

See, e.g., Henderson v. FLOORgraphics, Inc., 153 F. Supp. 2d 133, 135-36 (D. Conn. 2001) (holding that plaintiff was a citizen of Connecticut, where he owned a home, voted, and paid federal and state taxes, even though he spent his summers at his vacation property in New Jersey).

therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**Dated:   New York, New York**
        **October 3, 2014**        _____/s/_____
                                             **John G. Koeltl**
                                     **United States District Judge**