UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNE BRYANT,

                Plaintiff,           14 Cv. 6637(JGK)

    - against -                MEMORANDUM OPINION AND
                                                      ORDER
CLIFFORD A. "FORD" KINDER ET AL.,

                Defendants.

**JOHN G. KOELTL, District Judge:**

    The plaintiff, appearing pro se, brings this action invoking the Court's federal question jurisdiction, alleging claims of unfair competition, business identity theft, conversion, common law fraud, and fraudulent transfer. On October 3, 2014, the Court ordered the plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. See Bryant v. Kinder, No. 14cv6637, 2014 WL 4958077 (S.D.N.Y. Oct. 3, 2014). On October 29, 2014, the plaintiff filed an amended complaint, which asserts that 28 U.S.C. § 1331 provides the Court with subject matter jurisdiction. The Court has an independent obligation to determine whether it has subject matter jurisdiction over this action. See Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012).

    The plaintiff's complaint does not identify a basis for federal question jurisdiction under § 1331. To invoke federal

1

question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." § 1331. "[A] case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). Or "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065.

The Amended Complaint does not identify a federal law that "creates the cause of action asserted." The Amended Complaint cites three sections in title 18 of the United States Code—18 U.S.C. §§ 1028, 1343, 2314, and 2315—that create federal crimes. These sections make it a crime to commit identity theft, to commit wire fraud, and to transport, and to sell or receive stolen goods, respectively. None of these sections includes a civil cause of action, and therefore do not provide this Court with jurisdiction under § 1331. See Ford v. Sims, No.12cv67, 2012 WL 201847, at *1 (D. Conn. Jan. 23, 2012) (holding that § 1343 does not provide a basis for § 1331 jurisdiction); Novikova v. IRS, No. 04cv5324, 2007 WL 2891301, at *9 (E.D.N.Y. Sept. 28, 2007) (holding that § 1028 does not provide a basis for § 1331 jurisdiction); Local 1 FLM-FJC v. Caputo,

2

No. 86cv3839, 1988 WL 13774, at *2 (S.D.N.Y. Feb. 18, 1988) (holding that § 2314 does not provide a basis for § 1331 jurisdiction); cf. Piorkowski v. Parziale, No. 02cv963, 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (holding that § 2315 does not provide a private right of action).

The plaintiff's remaining claims arise entirely under state law, and these claims do not necessarily raise a substantial and disputed question of federal law.

## CONCLUSION

The complaint is **dismissed without prejudice** for lack of subject matter jurisdiction. The Clerk is directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:   **New York, New York**
         **December 23, 2014**

_____
John G. Koeltl
**United States District Judge**

3